NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30103 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00066-TMB-SAO-1 |
| v. | |
| ALEX JOSE TEJEDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 9, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Alex Jose Tejeda appeals the district court's judgment sentencing him to a term of 140 months imprisonment followed by eight years of supervised release for the distribution of heroin.  He argues that the district court erred by failing to vacate his conviction for distribution following the vacatur of his conviction for conspiracy.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Although the reversal of Tejeda's conspiracy conviction "precludes the imposition of vicarious liability upon" Tejeda for the acts of his alleged co-conspirator, *United States v. Kaiser*, 660 F.2d 724, 732 (9th Cir. 1981), Tejeda did not ask the district court to vacate his distribution conviction, and we therefore review only for plain error. Fed. R. Crim. P. 52(d). "[T]he language of Rule 52(b) is permissive, not mandatory. . . ." *United States v. Alferahin*, 433 F.3d 1148, 1159 (9th Cir. 2006). Even if error is plain and affects substantial rights, reversal for plain error is only appropriate where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (brackets and citation omitted). In determining whether this "final, discretionary prong" shows that the error "warrant[s] correction," "we consider all circumstances at trial including the strength of the evidence against the defendant." *United States v. Perez*, 116 F.3d 840, 847–48 (9th Cir. 1997) (en banc) (citation omitted).

We decline to exercise our discretion to reverse Tejeda's conviction on plain error review because the error, if any, did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (citation omitted). We have considered all the relevant circumstances, including the protracted and unusual procedural history of this case and the evidence presented at trial. We conclude that "the government's 'strong and convincing

2

evidence' demonstrate[s] that a different decision by the jury would be 'extremely unlikely.'" *Alferahin*, 433 F.3d at 1159 (quoting *Perez*, 116 F.3d at 848). Laura Johnson testified that she asked Tejeda to bring her heroin and he agreed to do so. This testimony is supported by Tejeda's phone records, which show that he agreed to bring over "blk," a coded reference to heroin. Police officers saw Tejeda arrive at Johnson's apartment soon thereafter carrying a black gym bag, and Johnson testified at trial that Tejeda said he left heroin in her bedroom. Police later recovered heroin from Johnson's apartment and from the scene of Tejeda's arrest. At this point, "the greater threat to the integrity and fairness of judicial proceedings would arise from the reversal of a conviction on flawed jury instructions rather than from affirming an imperfect verdict." *Id.*

**AFFIRMED.**